## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER GARDIER,            CASE NO. 2:20-cv-05232-NIQA
       Plaintiff,

       vs.

TRANS UNION LLC; EQUIFAX
INFORMATION SERVICES LLC;
and FIDELITY DEPOSIT AND
DISCOUNT BANK d/b/a
FIDELITY BANK;
       Defendants.

## TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
## AND AFFIRMATIVE DEFENSES

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

## PRELIMINARY STATEMENT

1.  This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

**ANSWER:** Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because Defendant in this matter resides in the state of Pennsylvania as defined under 28 U.S.C. §1391(c)(2) based upon information and belief.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

4.      Plaintiff is a natural person and is a citizen of the United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Defendant, Trans Union, LLC, (hereinafter Trans Union) is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania.  Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties.  Based on information and belief, Trans Union's main corporate office is held in Philadelphia, Pennsylvania.

**ANSWER:**   Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union admits that it is a "consumer reporting

agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

6.    Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a foreign For-Profit Corporation registered to do business in Pennsylvania and with a registered agent in Pennsylvania.  Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties.  Based on information and belief, Equifax is reporting consumer credit files on over two million consumers in Pennsylvania.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.    Defendant, Fidelity Deposit and Discount Bank D/B/A Fidelity Bank, (hereinafter, Fidelity) is a for profit company registered to do business in Pennsylvania and with a registered agent in Pennsylvania.  Defendant is a "furnisher" of information, as defined by 15 U.S.C. §1681 s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions.   Fidelity is a financial institution actively conducting business in Pennsylvania.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS

8.    Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

9.     Plaintiff's Fidelity account #[REDACTED] was fully satisfied on or about 07/09/2015 according to Plaintiff's Trans Union credit report which brought it current with a $0 balance.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10.     Plaintiff's Fidelity account #[REDACTED] was fully satisfied on or about 08/2015 according to Plaintiff's Equifax credit report which brought it current with a $0 balance.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.     TransUnion's report dated 09/02/2019 reported Plaintiff's Fidelity account with a "Pay Status: Account 30 Days Past Due Date".

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.     Equifax's report dated 10/23/2018 reported Plaintiff's Fidelity account with a "Pay Status: 60-89 Days Past Due".

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13.    Although Plaintiff's account was fully satisfied, Plaintiff's Trans Union report dated 09/02/2019 reported the "Pay Status: Account 30 Days Past Due Date".  It is impossible and incorrect for an account that was fully satisfied which brought it current with a "0" balance as of to still be reporting as late as of 09/02/2019.  Not only is the Fidelity account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously fully satisfied.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

14.    Although Plaintiff's account was fully satisfied, Plaintiff's Equifax report dated 10/23/2018 reported the "Pay Status: 60-89 Days Past Due".  It is impossible and incorrect for an account that was fully satisfied which brought it current with a "0" balance as of to still be reporting as late as of 10/23/2018.  Not only is the Fidelity account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously fully satisfied.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

15.     As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union, dated 09/26/2018 (Please see Exhibit A).  As a result of Plaintiff's dispute, Fidelity verified the account as accurate and instructed Trans Union to continue to report the inaccurate credit information (Please see Exhibit B).  Trans Union continued to report the inaccurate credit information at the instructions of Fidelity.  Plaintiff's latest Trans Union credit report dated 09/02/2019 is currently reporting the same inaccurate information that was disputed on 09/26/2018.

**ANSWER:**     Trans Union states that "Exhibit A and B", speaks for itself.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16.     As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Equifax, dated 09/26/2018 (Please see Exhibit C).  As a result of Plaintiff's dispute, Fidelity verified the account as accurate and instructed Equifax to continue to report the inaccurate credit information (Please see Exhibit D).  Equifax continued to report the inaccurate credit information at the instructions of Fidelity.  Plaintiff's latest Equifax credit report dated 10/23/2018 is currently reporting the same inaccurate information that was disputed on 09/26/2018.

**ANSWER:**     Trans Union states that "Exhibit C and D", speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17.     Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it knew or should have known the information was incorrect.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

18.     Equifax did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it knew or should have known the information was incorrect.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

19.     Fidelity did not provide a good faith investigation into the disputed account of Plaintiff.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

20.     Trans Union did not provide a good faith investigation into the disputed Fidelity account.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

21.     Equifax did not provide a good faith investigation into the disputed Fidelity account.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22.     The Fidelity account is not only inaccurate, but it is also misleading, which the Fifth

Circuit has addressed.  The Fifth Circuit has ruled that a credit report is inaccurate on its face if it

is so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit

Services,* 158 F.3d 890, 895 (5th Cir. 1988)(a consumer report is inaccurate if it is "misleading in

such a way and to such an extent that it may be expected to adversely effect credit decisions").

**ANSWER:**   Trans Union states that "*Sepulvado vs. CSC Credit Services ,* 158 F.3d 890,

895 (5th Cir. 1988)*",* speaks for itself.  Trans Union states that the allegations of this paragraph are

legal conclusions and, so stating, denies them.

23.     Trans Union and Equifax have a statutory duty to have reasonable procedures to

assure maximum accuracy.  Their procedures regarding this reporting are not assuring accuracy,

much less maximum accuracy.

**ANSWER:**   Trans Union denies the allegation contained in this paragraph that its

procedures regarding this reporting are not assuring accuracy, much less maximum accuracy.

Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so

stating, denies them.

24.     The reporting of this credit information on Plaintiff's credit report negatively

reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor

and their credit worthiness.  This information was furnished by Fidelity and reported by Trans

Union and Equifax, misrepresenting the payment rating and/or status of Plaintiff's account, and is

currently being reported and reflected upon Plaintiff's credit report, resulting in lowering

Plaintiff's credit score and furthering and increasing Plaintiff's damages.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time

sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which

has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

25.     Plaintiff's credit reports, credit information and file formulated by Trans Union and Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports.  The inaccurate information furnished by Fidelity and reported by Trans Union is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

26.     As a result of Defendants, Trans Union, Equifax and Fidelity's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27.     As a result of Defendants conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28.     At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

29.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## CAUSES OF ACTION

30.     Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

31.     This suit is based upon the Defendants violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff has suffered.

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT I—VIOLATION OF THE FAIR REPORTING ACT

32.     Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

33.     This suit is brought against all Defendants as the damages made the basis of this suit were caused by their violations of the FCRA.  In all instances of violating the FCRA, Defendants did so willfully and/or negligently.  Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the
failure; and
(2) in the case of any successful action to enforce any liability under
this section, the costs of the action with reasonable attorney's fees
as determined by the court.

**ANSWER:**   Trans Union states that "15 U.S.C. §1681o and 15 U.S.C. §1681n" speaks

for itself.  Trans Union denies the allegations contained in this paragraph.

### *TransUnion's FCRA Violations*

34.   Trans Union violated their duty under 15 U.S.C. §1681i(a)(l)(A) to conduct a good

faith investigation into Plaintiff's notice of dispute.   Plaintiff requested Trans Union to

reinvestigate the inaccurate reporting of their account via detailed and thorough dispute letter [sic]

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

35.   The dispute was detailed, thorough and informed Trans Union of all the relevant

information regarding the inaccuracies of the account and provided enough information to show

the account was being reported inaccurately.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

36.   Trans Union did not conduct a good faith and reasonable investigation into

Plaintiff's dispute.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

37.   This account was fully satisfied, and Trans Union is currently reporting Plaintiff's

account with a "$0" balance but currently past due.   It is impossible for Plaintiff to make "$0"

payments to bring the account current.   With this type of reporting, Plaintiff will never be able to

bring the account current.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time

sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which

has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

38. Trans Union was notified and made aware of the specific issues from the dispute letter. It should have been easy for Trans Union to determine that the account was extremely inaccurate with the information that was provided.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

39. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have properly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted this proper investigation they would have corrected or deleted the Plaintiff's account that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. § 168li(a)(l)(a) reads:

(a) Reinvestigations in case disputed information

(1) Reinvestigation required

> (A) In general- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. § 1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information
>
> > *(A)In general.*  If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
> >
> > > (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
> > >
> > > (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

**ANSWER:**   Trans Union states that "15 U.S.C.§1681i(a)(1)(a) and 15 U.S.C. §1681i(a)(5)" speaks for itself.  Trans Union denies the allegations contained in this paragraph.

40.   Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

41.   Plaintiff's account was fully satisfied, but Trans Union continued to report the account with a late/past due status.  If Trans Union had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance, after the account was paid off and brought current.  Trans Union should be reporting the account as "current" and not "past due."  This account is reporting as though the Plaintiff is currently past due each month.  With this type of reporting, Plaintiff will never be able to make their account current.  Trans Union lacks the procedures to avoid such faulty reporting.  Trans Union knows that this account was paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

> (a) Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

**ANSWER:**   Trans Union states that "15 U.S.C. §1681e(b)" speaks for itself.   Trans Union denies the allegations contained in this paragraph.

42.   Trans Union has been on notice that reporting an account with a $0 balance and a late status is not accurate.  Trans Union was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44).  Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier.  Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

**ANSWER:**   Trans Union states that *Macik v. JPMorgan Chase Bank, N. A., et al.;* U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44) speaks for itself. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

43.   The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA.  Trans Union knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling.

**ANSWER:**   Trans Union states that *Macik v. JPMorgan Chase Bank, N. A., et al.;* U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44) speaks for

itself. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### *Equifax's FCRA Violations*

44.     Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute.  Plaintiff requested Equifax to reinvestigate the inaccurate reporting of their account via detailed and thorough dispute letter [sic]

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45.     The dispute was detailed, thorough and informed Equifax of all the relevant information regarding the inaccuracies of the account and provided enough information to show the account was being reported inaccurately.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46.     Equifax did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47.     This account was fully satisfied, and Equifax is currently reporting Plaintiff's account with a "$0" balance but currently past due.  It is impossible for Plaintiff to make "$0"

payments to bring the account current.  With this type of reporting, Plaintiff will never be able to bring the account current.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48.   Equifax was notified and made aware of the specific issues from the dispute letter. It should have been easy for Equifax to determine that the account was extremely inaccurate with the information that was provided.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49.   The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Equifax did not conduct a reasonable investigation.  If Equifax would have properly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due.  If Equifax had conducted this proper investigation they would have corrected or deleted the Plaintiff's account that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(l)(a) reads:

(a) Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

16 U.S.C. § 1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

*(A)In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(iii)     promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(iv)     promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

**<u>ANSWER:</u>**     Trans Union states that "FCRA", speaks for itself.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50.     Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51.     Plaintiff's account was fully satisfied, but Equifax continued to report the account with a late/past due status.  If Equifax had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance, after the account was paid off and brought current.  Equifax should be reporting the account as "current" and not "past due." This account is reporting as though the Plaintiff is currently past due each month.  With this type of reporting, Plaintiff will never be able to make their account current.  Equifax lacks the procedures to avoid such faulty reporting.  Equifax knows that this account was paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

> (b) Accuracy of the Report
>
> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

**ANSWER:**     Trans Union states that "FCRA", speaks for itself.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52.     Equifax has been on notice that reporting an account with a $0 balance and a late status is not accurate.  Equifax was a co-defendant in *Macik* v. *JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston,

Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier.  Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

**ANSWER:**   Trans Union states that "*Macik v. JPMorgan Chase Bank, N. A., et al.*"; U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44) speaks for itself. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

53.   The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA.  Equifax knows this because they were a co-defendant and the received an ECF copy of the ruling.

**ANSWER:**   Trans Union states that *Macik v. JPMorgan Chase Bank, N. A., et al.;* U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44) speaks for itself. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### *Fidelity's FCRA Violations*

54.   Defendant, Fidelity, violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice through a dispute letter and failing to delete or correct the inaccurate information.  After receiving a dispute notice from Trans Union, Defendant, Fidelity, did not conduct a complete, accurate or reasonable investigation into the disputed issue.  Fidelity verified the inaccurate information that was disputed from a detailed and thorough dispute letter.  Fidelity should have discovered that the information they are providing

the Credit Reporting Agencies was not accurate. Fidelity knew of their current faulty reporting because Plaintiff's account was fully satisfied with a $0 balance. Had Defendant, Fidelity properly investigated Plaintiff's dispute, they would have corrected the reporting to a current status. It is impossible for Plaintiff to make "$0" payments to bring their account current. Fidelity was made fully aware of the inaccurate reporting and failed to correct or delete the account.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

> a. After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
>> i.  conduct an investigation with respect to the disputed information:
>>
>> ii.  review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>> iii.  report the results of the investigation to the consumer reporting agency;
>>
>> iv.  if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
>>
>> v.  if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
>
> i modify that item of information
> ii delete that item of information
> iii permanently block the reporting of that item of information

**ANSWER:**   Trans Union states that "FCRA" speaks for itself. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### *Third Parties have viewed Plaintiff's Trans Union's Credit Report*

55.     The negative tradeline(s) reported by Fidelity on Plaintiff's Trans Union Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

56.     Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by Fidelity on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.   Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

57.     The conduct of Defendants was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.   Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### *Third Parties have viewed Plaintiff's Equifax's Credit Report*

58.    The negative tradeline(s) reported by Fidelity on Plaintiff's Equifax Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59.    Plaintiff has suffered actual harm due to Equifax still reporting the negative tradeline provided by Fidelity on Plaintiff's Equifax report even though Equifax was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

60.    The conduct of Defendants was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## DEMAND FOR JURY TRIAL

61.    Plaintiff demands trial by jury.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

a.  Actual damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

**ANSWER:**    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.    Trans Union's reports concerning Plaintiff were true or substantially true.

3.    Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of

limitations.

5.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

6.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

7.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

8.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

9.      Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

10.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

11.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

12.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

13.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its

favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:  December 21, 2020                    Respectfully submitted,


                                           *s/ Casey Green*
                                           Casey B. Green, Esq.
                                           Sidkoff, Pincus & Green, P.C.
                                           1101 Market Street, Suite 2700
                                           Philadelphia, PA  19107
                                           Telephone:  (215) 574-0600
                                           Fax:  (215) 574-0310
                                           E-Mail:  cg@sidkoffpincusgreen.com

                                           *Counsel for Defendant Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **21st day of December, 2020**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Gary Schafkopf, Esq.<br>gschafkopf@gmail.com | Matthew B. Weisberg, Esq.<br>mweisberg@weisberglawoffices.com |
| | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **21st day of December, 2020** properly addressed as follows:

| | |
|---|---|
| None. | |

*s/ Casey Green*
Casey B. Green, Esq.
Sidkoff, Pincus & Green, P.C.
1101 Market Street, Suite 2700
Philadelphia, PA  19107
Telephone:  (215) 574-0600
Fax:  (215) 574-0310
E-Mail:  cg@sidkoffpincusgreen.com

*Counsel for Defendant Trans Union, LLC*